IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTION DIVISION

| | | |
|---|---|---|
| MICHAEL J. BASS | § | |
| | § | |
| VS. | § | C.A. NO. 3:13-cv-00409 |
| | § | |
| | § | PLAINTIFF DEMANDS A |
| ROWAN COMPANIES, INC. | § | TRIAL BY JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHAEL J. BASS, hereinafter referred to as Plaintiff, complaining of, ROWAN COMPANIES, INC., hereinafter referred to as Defendant and would respectfully show as follows:

1.  This is an action within the maritime jurisdiction of this Court and this Court has jurisdiction because there exists an amount in controversy in excess of $75,000.

2.  Plaintiff is an American citizen and as an American seaman, he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

3.  This claim is maintained under the Jones Act, 46 U.S.C. §30104 and the general maritime law of the United States.

4.  Plaintiff, MICHAEL J. BASS, is a resident of Montevallo, Alabama.

5.  Defendant, ROWAN COMPANIES, INC., is a Delaware Corporation doing business in the Southern District of Texas. This Defendant may be served with due process herein by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers

Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. MICHAEL J. BASS would show that this lawsuit has become necessary as a result of personal injuries received on or about December 10, 11, or 12, 2010. On that date, Plaintiff was employed by Defendant, ROWAN COMPANIES, INC., as a Jones Act seaman spending more than 75% of his time as part of the crew aboard the ROWAN MISSISSIPPI, a vessel which was owned and or operated by Defendant, ROWAN COMPANIES, INC. and located at Main Pass in the Gulf of Mexico. Specifically, Plaintiff sustained injuries when he was ordered to uncoil a braided cable crane bowline which was rolled up without assistance, causing Plaintiff to sustain injuries to his back, among other parts of his body.

7. On or about December 10, 11, or 12, 2010, Defendant, ROWAN COMPANIES, INC. was negligent and the vessel ROWAN MISSISSIPPI was unseaworthy. Defendant was negligent in the following particulars:

      a. failing to provide adequate mechanical assistance to perform the task in question.

      b. failing to provide adequate and experienced manpower to perform the task in question.

8. On or about December 10, 11, or 12, 2010, as a result of said occurrence, Plaintiff sustained severe and painful injuries to his back, among other parts of his body. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the ROWAN MISSISSIPPI, its crew and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

9. At all times material hereto, Defendant, ROWAN COMPANIES, INC., owned, operated, and/or controlled the vessel ROWAN MISSISSIPPI.

10. Additionally and without waiving the foregoing, on or about April 18 or 19, 2012, Plaintiff sustained personal injuries while employed by Defendant, ROWAN COMPANIES, INC., as a Jones Act seaman spending more than 75% of his time as part of the crew aboard the JOE DOUGLAS, a vessel which was owned and or operated by Defendant, ROWAN COMPANIES, INC. and located in the Gulf of Mexico. Specifically, Plaintiff sustained injuries when he was ordered by the driller to pick up and carry a heavy shackle for approximately 20 ft. without assistance, causing Plaintiff to aggravate his lower back injury of December 2010.

11. On or about April 18 or 19, 2012 Defendant, ROWAN COMPANIES, INC. was negligent and the vessel was unseaworthy. Defendant was negligent in the following particulars:

    a. failing to provide adequate mechanical assistance to perform the task in question;

    b. failing to provide adequate and experienced manpower to perform the task in question.

12. On or about April 18 or 19, 2012, as a result of said occurrence, Plaintiff sustained severe and painful injuries to his back, among other parts of his body. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the JOE DOUGLAS, its crew and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

13. At all times material hereto, Defendant, ROWAN COMPANIES, INC., owned, operated, and/or controlled the vessel JOE DOUGLAS.

14. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish and other medical problems. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental

anguish, and distress to date and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely and into the future. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

15. Plaintiff further alleges that it was and still is, the duty of said Defendant/Employer, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that the Defendant has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing and Defendant has further unreasonably, arbitrarily, willfully and capriciously refused to provide him with medical cure. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, that he found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MICHAEL J. BASS prays that this

summons issued and be served upon said Defendant, ROWAN COMPANIES, INC., in a form and manner prescribed by law, requiring that the Defendant appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment against said Defendant, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER & HARRIS, L.L.P.


*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #:  8877
3200 Travis, 3rd Floor
Houston, Texas  77006
TEL:   (713) 524-3500
FAX:   (713) 751-0412
ATTORNEYS FOR PLAINTIFF,
MICHAEL J. BASS

PLAINTIFF DEMANDS A TRIAL BY JURY